[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11492

Non-Argument Calendar

_____

JOHN WESLEY MORGAN, JR.,

Petitioner-Appellant,

*versus*

WARDEN, DOOLY STATE PRISON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-00134-SDG

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

John Wesley Morgan, Jr., a Georgia prisoner proceeding pro se, appeals the denial of his 28 U.S.C. § 2254 habeas petition. The District Court granted a certificate of appealability on whether Morgan's guilty plea was the product of ineffective assistance of counsel, based on his attorney's alleged failure to advise him that pleading guilty to felony murder would result in a life sentence with parole eligibility only after 30 years.

## I.

In 2015, Morgan pleaded guilty to felony murder in Georgia state court and received a life sentence with the possibility of parole.

In his state habeas petition, Morgan argued that his counsel rendered ineffective assistance by failing to inform him that a life sentence would require serving 30 years before parole eligibility. At an evidentiary hearing, Morgan testified that he would not have pleaded guilty had he known that fact. His counsel, however, testified that he advised Morgan that a felony murder conviction would require him to serve 30 years and urged him to proceed to trial, believing a manslaughter conviction with a lesser sentence was attainable. The state habeas court found Morgan's counsel's testimony credible and concluded that Morgan had not shown deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984). The Georgia Supreme Court denied further review.

In federal court, the District Court adopted the Magistrate Judge's recommendation and denied the petition. It held that the state court's ruling was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), and concluded that Morgan failed to satisfy either prong of *Strickland*. The District Court granted a limited certificate of appealability on the ineffective assistance claim.

## II.

We review de novo legal conclusions and mixed questions of law and fact. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (per curiam). Our review is further constrained by AEDPA, which permits habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law," or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1), (2). This is a "highly deferential standard," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), and is "intentionally difficult to meet," *Woods v. Donald*, 575 U.S. 312, 316 (2015).

To prevail on an ineffective assistance claim, a petitioner must show both deficient performance and prejudice. *Strickland*, 466 U.S. at 687. A lawyer's performance is deficient only if it falls below an objective standard of reasonableness. *Id.* at 688. And to show prejudice in the plea context, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, the state court's conclusion that counsel's performance was not deficient was reasonable. Morgan's counsel testified

that he told Morgan that a guilty plea would result in a life sentence requiring 30 years of incarceration. The state court credited that testimony. Morgan has not shown, by clear and convincing evidence, that this credibility determination was erroneous. *See* § 2254(e); *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) (per curiam).

Moreover, parole eligibility is a collateral consequence of a conviction, and failure to advise a defendant of such consequences does not render counsel's performance constitutionally deficient. *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985); *accord Holmes v. United States*, 876 F.2d 1545, 1548–49 (11th Cir. 1989). Because counsel is not constitutionally required to advise clients of collateral consequences, and because the state court reasonably found that counsel did inform Morgan about the length of incarceration, Morgan has not met the first prong of *Strickland*.

Nor has Morgan shown prejudice. Counsel urged him to go to trial, believed he had a viable defense, and explained that a conviction for manslaughter might carry a lesser sentence. Nonetheless, Morgan insisted on pleading guilty, reportedly stating that God told him to admit guilt. The record contains no evidence—beyond Morgan's retrospective assertion—that he would have gone to trial if he had known about parole eligibility. That is not enough to establish prejudice. *See Hill*, 474 U.S. at 59.

**AFFIRMED.**